| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Joseph E. Caceres, Esq. (SBN 169164)<br>Charles Shamash, Esq. (SBN 178110)<br>Caceres & Shamash, LLP<br>8200 Wilshire Boulevard, Suite 400<br>Beverly Hills, CA 90211<br>Tel: (310) 205-0500          Fax: (310) 878-8308 | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: BRUCE THOMAS DANIGER, | CASE NO.: |
|---|---|
| | 6:09-bk-40748-MJ |
| Debtor(s). | |

## NOTICE OF SALE OF ESTATE PROPERTY

| **Sale Date:** May 4, 2011 | **Time:** 1:30 p.m. |
|---|---|

**Location:**  Courtroom 301, U.S. Bankruptcy Court, 3420 Twelfth Street, Riverside, CA 92501

Type of Sale:     [ x ] Public     [ ] Private          Last date to file objections:
April 20, 2011

Description of Property to be Sold:  Commercial Office Building located at 343 W. Foothill Blvd., Monrovia, CA 91016 [bearing APN 8504-004-020]

Terms and Conditions of Sale:    See attached Notice of Motion and Motion for Order Authorizing Sale of Real  Property Free and Clear of Liens, Claims, and Interests, Subject to Overbid, and exhibits thereto

Proposed Sale Price:  $475,000

Overbid Procedure (If Any):  As set forth in the attached attached Notice of Motion and Motion for Order Authorizing Sale of RealProperty, Free and Clear of Liens, Claims, and Interests, Subject to Overbid

If property is to be sold free and clear of liens or other interests, list date, time and location of hearing:

Contact Person for Potential Bidders (include name, address, telephone, fax and/or e:mail address):

Joseph E. Caceres, Esq.

Caceres & Shamash, LLP

8200 Wilshire Boulevard, Suite 400

Beverly Hills, CA 90211

Tel: (310) 205-3400; jec@locs.com

Date: 04/10/11

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Joseph E. Caceres, Esq.<br>Caceres & Shamash, LLP<br>8200 Wilshire Boulevard<br>Suite 400<br>Beverly Hills, CA 90211<br>Tel: (310) 205-3400<br>Fax: (310) 878-8308<br>SBN 169164<br>*Attorney for* Debtor and Debtor-in-Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: BRUCE THOMAS DANIGER, | CHAPTER 11 |
|---|---|
| | CASE NUMBER 6:09-bk-40748-MJ |
| | DATE: May 4, 2011 |
| | TIME: 1:30 p.m. |
| Debtor. | COURTROOM: 301 |

## NOTICE OF MOTION FOR:

ORDER AUTHORIZING SALE OF REAL PROPERTY, FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS, SUBJECT TO OVERBID; AND TO APPROVE EMPLOYMENT OF AND PAYMENT OF COMMISSION TO DILBECK REAL ESTATE; DECLARATIONS IN SUPPORT THEREOF [re 343 W. Foothill Blvd., Monrovia CA 91016

*(Specify name of Motion)*

1.  TO: UNITED STATES TRUSTEE AND ALL CREDITORS AND INTERESTED PARTIES

2.  NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3.  **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult one.)

---

**Hearing Date:** May 4, 2011        **Time:** 1:30 p.m.        **Courtroom:** 301        **Floor:** 3rd

- [ ] **255 East Temple Street, Los Angeles**
- [ ] **21041 Burbank Boulevard, Woodland Hills**
- [X] **3420 Twelfth Street, Riverside**
- [ ] **411 West Fourth Street, Santa Ana**
- [ ] **1415 State Street, Santa Barbara**

---

4.  **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.  **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the Judge's self-calendaring procedures.

Dated: 04/10/11

Caceres & Shamash, LLP
_____
*Law Firm Name*

By: _____ /s/ Joseph E. Caceres_____

Name: Joseph E. Caceres, Esq._____
*Attorney for Movant*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                **F 9013-1.1**
                                                                                    F901311

1  Joseph E. Caceres, Esq. (SBN 169164)
   Charles Shamash, Esq. (SBN 178110)
2  Caceres & Shamash, LLP
   8200 Wilshire Boulevard, Suite 400
3  Beverly Hills, California 90211
   Telephone: (310) 205-3400
4  Facsimile: (323) 878-8308

5  Reorganization Counsel for Debtor and Debtor-In-
   Possession

6

7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                     RIVERSIDE DIVISION

11

12  In re                              )  Case No. 6:09-bk-40748-MJ
                                       )
13  BRUCE THOMAS DANIGER,              )  Chapter 11
                                       )
14                                     )  **DEBTOR'S MOTION FOR ORDER**
                                       )  **AUTHORIZING SALE OF REAL**
15                                     )  **PROPERTY,  FREE AND CLEAR OF**
                                       )  **LIENS, CLAIMS, AND INTERESTS,**
16                                     )  **SUBJECT TO OVERBID, AND TO**
                                       )  **APPROVE EMPLOYMENT OF AND**
17                                     )  **PAYMENT OF COMMISSION TO**
                                       )  **DILBECK REAL ESTATE;**
18                                     )  **DECLARATIONS OF BRUCE THOMAS**
                                       )  **DANIGER AND STEVE PURVES IN**
19                                     )  **SUPPORT THEREOF**
                                       )
20                                     )  *[Re Property Located at:*
                                       )  *343 W. Foothill Blvd., Monrovia, CA*
21                                     )  *91016]*
                                       )
22                                     )
                                       )  Date:   May 4, 2011
23           Debtor and Debtor-        )  Time:  1:30 p.m.
             In-Possession.            )  Ctrm:  301
24                                     )           3420 Twelfth Street
                                       )           Riverside, CA 92501
25  _____)

26  //

27  //

28  //

                                    1

**TO THE HONORABLE MEREDITH A. JURY, UNITED STATES BANKRUPTCY**

**JUDGE, THE UNITED STATES TRUSTEE, AND ALL CREDITORS AND**

**INTERESTED PARTIES:**

BRUCE THOMAS DANIGER. ("Debtor") hereby submits his Motion for Order

Authorizing Sale of Real Property, Free and Clear of Liens, Claims & Interests, Subject to

Overbid, and to Approve Employment of and Payment of Commission to Dilbeck Real Estate (the

"Sale Motion"), pursuant to 11 U.S.C. §§ 327(a), 328, 363(b), and 363(f).  In support thereof, the

Debtor respectfully submits the following:

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.**

<u>**BACKGROUND FACTS**</u>

1.    The Debtor owned 3 adjacent rental properties at 343 West Foothill Blvd., 345

West Foothill Blvd., and 112 N. Alta Vista, Monrovia, CA 91016 (the "Monrovia Properties"),

from which he used to receive rental income.  These three properties were previously rented by

Phoenix House, a non-profit company, but due to problems with its business Phoenix House

vacated the properties on or about August 31, 2010.  In addition, the property at 112 N. Alta Vista

has been sold pursuant to Court Order.  The Debtor also owns a fourth property, his residence at

595 Camino Calidad, Palm Springs, CA 92264-7301 (the "Palm Springs Property").  It is the 343

West Foothill Blvd. property in Monrovia (the "343 W. Foothill Property") that is the subject of

this motion.  <u>See</u> attached Declaration of Bruce Daniger ("Daniger Decl."), ¶ 2.

2.    The immediate cause of the bankruptcy filing was that a foreclosure sale was set to

take place on the Palm Springs Property on December 22, 2009, such that the Debtor filed the

instant chapter 11 petition on December 18, 2009.  <u>See</u> Daniger Decl., ¶ 3, and Exhibit "1" thereto

(copy of Court's docket).  The Debtor ran into financial difficulties when the Debtor's initial

interest-only, low interest rate loan on the Palm Springs Property changed in 2007 to a variable

rate, with the payment including principal and interest.  This dramatically changed the payment

from approximately $4,000 per month to over $7,000 per month at one point.  During this same

period of time, the Debtor was working at Mathis Brothers Furniture, with a base salary plus

1   commission totaling approximately $120,000 per year.  However, in April of 2007 the Debtor had

2   to have foot surgery and was on disability for approximately 6 months (although his foot took

3   well over a year to heal).  To make matters worse, after three months of being off work he was let

4   go by Mathis Brothers.  The confluence of all of the above factors eventually caused the Debtor to

5   fall behind on his two mortgages on the Palm Springs Property.

6         3.     As can be seen from the above, one of the main issues the Debtor faced in this case

7   was dealing with the delinquencies on the Palm Springs Property mortgages.  In an attempt to deal

8   with that issue, the Debtor listed the Palm Springs Property for sale with a court-approved broker.

9   See Daniger Decl., ¶ 4, and Exhibit "1" (docket).  The Debtor in fact ultimately received an offer

10   to purchase the Palm Springs Property and certain personal property therein through a short sale,

11   and the Debtor filed a motion for approval of that sale.  The hearing was then continued several

12   times while the Debtor attempted to obtain the consent of his lienholders to the short sale, but

13   ultimately withdrew the motion before the last hearing which was set for December 15, 2010.  Id.

14   At this point the Debtor will continue to consider any offers he might receive on the Palm Springs

15   Property, and may refile a motion if he obtains another, higher offer.  Otherwise, he will let the

16   property go.  Id.

17         4.     In the meantime, the Debtor also determined that selling one or more of the

18   Monrovia Properties was advisable.  To that end, the Debtor received an all-cash, no commission,

19   as-is $175,000 offer to purchase the Alta Vista Property, and the Debtor's motion for approval of

20   that sale, subject to overbid, was set for hearing on October 27, 2010.  Prior to the sale, the Debtor

21   did in fact receive a substantial overbid, and the sale was ultimately approved in the amount of

22   $239,750 by order entered November 8, 2010.  See Daniger Decl., ¶ 5, and Exhibit "1" (docket).

23   The sale has since closed.  The Debtor also continued offering the other Monrovia Properties for

24   sale, and has now received offers to purchase both Foothill Blvd. Properties.  As set forth above,

25   this motion deals with the 343 W. Foothill Property; the Debtor is simultaneously filing a separate

26   motion dealing with the 345 W. Foothill Property.  The purchasers of the 343 and 345 W. Foothill

27   properties are not related in any way to each other.  Id.

28         5.     With regard to the sale of the 343 W. Foothill Blvd. Property, the Debtor has

received an offer to purchase the property for $475,000, as set forth in more detail below.  While the Debtor was offering the property for sale by owner, he received an offer to purchase the property through Steve Purves ("Purves") of Dilbeck Real Estate ("Dilbeck").  As the Court will recall, Purves was the agent that represented the successful overbidder on the sale of the Alta Vista Property referenced above.  The Debtor also asked Purves to assist him in negotiating the sale of the 345 W. Foothill Blvd. Property for which approval is being sought concurrently herewith, after he received a communication from a different broker in connection with that sale (such that the sale of the 345 W. Foothill Blvd. Property involves two brokers).  <u>See</u> Daniger Decl., ¶ 6.  For the foregoing reasons, the Debtor is also seeking approval of the employment of, and payment of a commission to, Dilbeck in connection with the instant motion, under 11 U.S.C. Section 327(a) and 328.  Debtor believes that Dilbeck and Purves are "disinterested persons" as defined by 11 U.S.C. Section 101(14) with respect to this case, as more fully set forth in the attached Declaration of Steve Purves.

6.    Finally, as more fully set forth below, the only lien on the 343 Foothill Blvd. Property is in the amount of approximately $65,000, such that the net proceeds from the sale are expected to be around $375,000.  In addition, the sale is as-is, meaning that the Debtor does not expect to have to expend any sums on repairs to the property.  As such, the Debtor believes that the proposed sale is in the best interests of the estate.

**II.**

**<u>THE PROPOSED SALE</u>**

**A.    <u>The Sale Agreement</u>**

A copy of the Purchase Agreement (the "343 W. Foothill Blvd. Purchase Agreement"), is attached hereto as Exhibit "2," and copies of the Escrow Instructions are attached hereto as Exhibit "3."  <u>See</u> Daniger Decl., ¶ 7 and Exhibits "2" and "3" thereto.  As set forth in the 343 W. Foothill Blvd. Purchase Agreement, <u>see</u> Exhibit "2," the Debtor has agreed to sell the  343 W. Foothill Blvd. Property to Bernardo and Maria Perdices (the "Perdices" or "Buyers"), for $475,000, with a $275,000 down payment.  The sale is as-is, with a 5% commission to Dilbeck Real Estate.  <u>Id</u>.  <u>See</u> also Declaration of Steve Purves ("Purves Decl.") , ¶ 2.

4

1    As set forth in the 343 W. Foothill Blvd. Purchase Agreement, the sale is <u>subject to court</u>

2   <u>approval and overbid</u>.  <u>See</u> Daniger Decl., ¶ 7 and Exhibit "2."  <u>See also</u> Purves Decl., ¶ 2. As

3   further detailed below, since the sale is subject to overbid, the Debtor also seeks authority to sell

4   to the highest qualified overbidder if there is one, or to the next highest bidder(s) should Buyers or

5   any overbidder default on the purchase, without the necessity of further notice or Court order.  <u>Id</u>.

6    The Debtor has no previous relationship with and is wholly unrelated to Buyers, and

7   Buyers are not in any way associated with Debtor, the estate, or any of the professionals employed

8   by the estate, other than the fact that Dilbeck procured the Perdices as Buyers and presented the

9   offer to the Debtor.  All discussions with the Buyers were conducted at arms-length, in good faith,

10   and without collusion, and Debtor believes neither Buyers nor Seller have engaged in any conduct

11   that could cause or permit the agreement or the transaction contemplated herein to be invalidated

12   under 11 U.S.C. § 363(n).  There are no side agreements.  <u>See</u> Daniger Decl., ¶ 8; <u>see also</u> Purves

13   Decl., ¶ 3.

14    As Dilbeck procured the buyer, the Debtor also seeks approval of the employment of, and

15   payment of a commission to, Dilbeck in connection with the instant motion, under 11 U.S.C.

16   Section 327(a) and 328.  Debtor believes that Dilbeck and Purves are "disinterested persons" as

17   defined by 11 U.S.C. Section 101(14) with respect to this case, as more fully set forth in the

18   attached Declaration of Steve Purves.  <u>See</u> Purves Decl., ¶¶ 4-6.

19   **B.    <u>Proposed Treatment of Liens and Request for Authorization Pay Necessary Costs</u>**

20   **<u>Through Escrow; Net Proceeds to Estate</u>**

21    While the Debtor reserves any and all rights regarding liens asserted against the 343 W.

22   Foothill Blvd. Property, known asserted liens on the property include the following, pursuant to

23   the proof of claim attached hereto as Exhibit "4":

24    1.    The 1st Trust Deed of Nancy J. Banks Living Trust ("Banks"), in the estimated

25    asserted amount of about $65,000 (<u>see</u> Exhibit "4," first 2 pages of Banks' claim

26    filed 3/30/10 in this case).[1]  <u>See</u> Daniger Decl., ¶ 9.

27

28

---

[1]Banks' proof of claim was filed in the amount of $69,071.40, <u>see</u> Exhibit "4."  However, the
Debtor has been making payments to Banks throughout the case, such that the balance has been reduced.

As can be seen from the foregoing, asserted liens total approximately $65,000. Costs of sale are estimated at $33,250, or 7% of the purchase price of the 343 W. Foothill Blvd. Property, including a commission of 5% to the broker. As such, and subject to the overbid process which could generate additional proceeds, the net proceeds to the estate from the sale of the 343 W. Foothill Blvd. Property after payment of liens and closing costs are expected to be in the vicinity of approximately $376,750 ($475,000 less $65,000 to first trust deed less $33,250 costs of sale).

The Debtor requests authority to pay through escrow ordinary and reasonable costs such as prorated taxes, title fees, escrow fees, commissions, and other ordinary fees, as well as the Banks lien directly to Banks. In the meantime, pending the Debtor's review of the claims and charges asserted by Banks in its demand, or any other liens, claims, or interests that may be asserted, the Debtor would reserve the right to request that all net proceeds of the sale after payment of ordinary and reasonable costs be paid over to the Debtor, to be held in a segregated account, with liens to attach to the proceeds of sale to the same extent, validity, and priority with which they attached to the property, as adequate protection under 11 U.S.C. § 363(e). See Daniger Decl., ¶ 10.

**C.**    **Proposed Overbid Procedures/Competing Offers**

The Debtor proposes the following overbid procedures be used at the hearing on the Sale Motion (the "Hearing") for the purpose of considering bids:

1.    Each potential bidder (other than Buyers the Perdices) in order to qualify as a bidder at the Hearing, shall

a.    at least two (2) days prior to the Sale Hearing, present to Debtor's Counsel a cashier's check in the amount of five thousand ($14,250.00) (the "Earnest Money Deposit") made payable to the Bankruptcy Estate of Bruce Thomas Daniger. Debtor shall return the Earnest Money Deposit if he accepts the bid of another bidder;

b.    at least two (2) days prior to the Sale Hearing, present to Debtor's Counsel a completed and executed written offer to purchase signed by the bidder that contains terms and conditions that are, in the Debtor's business judgment, similar or superior to the terms and conditions of the offer by Buyers generally described

6

above and specifically contained in the 343 W. Foothill Blvd. Purchase Agreement attached hereto as Exhibit "2";

c.    at least two (2) days prior to the Sale Hearing, offer proof that the bidder has the financial ability to pay the balance of any bid made by such bidder, such proof to be deemed acceptable or unacceptable by the Debtor in his sole discretion, subject to approval by the Court; and

d.    attend the Hearing; and

2.    The initial overbid shall be a total of at least $480,000, i.e., $5,000.00 more than the Sales Price, and all additional/subsequent overbids must be made in minimum increments of $2,500.00 above the Initial Overbid; and

3.    If an overbidder is declared the winning bidder at the Sale Hearing, such overbidder shall have sixty (60) days from the Sale Hearing to close escrow.  If such winning overbidder fails to close escrow within said sixty (60) day period, the Debtor may, but is not required to, cancel the escrow via written instructions to escrow.  In such a case the winning overbidder shall forfeit its $14,250.00 earnest money deposit pursuant to the approved overbid procedures set forth in this Sale Motion, and escrow shall remit said $14,250.00 to the Debtor upon demand by the Debtor.  However, in his sole and absolute discretion the Debtor may, but is not required to, extend the escrow closing period by written instructions to escrow, so as to allow the sale to the winning overbidder to close.

The Debtor believes these overbid procedures are reasonable and appropriate for purposes of achieving the estate's goals of maximizing the net proceeds of the sale., and should be approved by the Court at the Sale Hearing in conjunction with approval of the sale.

**D.    Good Faith Finding**

As set forth in Section II.A. above, the Debtor has no previous relationship with and is wholly unrelated to Buyers, and  Buyers are not in any way associated with Debtor, the estate, or any of the professionals employed by the estate, other than the fact that Dilbeck procured the Perdices as Buyers and presented the offer to the Debtor.  All discussions with the Buyers were conducted at arms-length, in good faith, and without collusion, and Debtor believes neither

7

1  Buyers nor Seller have engaged in any conduct that could cause or permit the agreement or the

2  transaction contemplated herein to be invalidated under 11 U.S.C. § 363(n).  There are no side

3  agreements.  See Daniger Decl., ¶ 9.  Hence, Debtor believes that the Court should find that

4  Buyers are a good-faith purchaser within the meaning of 11 U.S.C. § 363(m).

5                                         **III.**

6                                    **ARGUMENT**

7  **A.    Section 363(b)(1) of the Bankruptcy Code Permits the Trustee to Sell Property of the**

8         **Estate Other Than in the Ordinary Course of Business**

9         11 U.S.C. § 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell,

10 or lease, other than in the ordinary course of business, property of the estate."   The standard to be

11 applied in determining whether a sale under § 363(b)(1) should be approved is whether sound

12 business reasons support the sale outside the ordinary course of business.  In re Walter, 83 B.R.

13 14, 19 (9th Cir. 1988); In re Lionel Corp., 722 F.2d 1063, 1066 (2nd Cir. 1983).  The Debtor's

14 exercise of its sound business judgment in the use, sale, or lease of property is subject to great

15 deference.  In re Moore, 110 B.R. 924 (C.D. Cal. 1990).  Moreover, the Court has broad

16 discretion with respect to matters under Section 363(b).  Big Shanty Land Corporation v. Comer

17 Properties, Inc., 61 B.R. 272, 278 (Bankr. N.D. Ga. 1985).

18        Here, sound business reasons support the sale to the Perdices or a qualified overbidder as

19 the sale will eliminate a secured debt of the estate and net the estate in the vicinity of $375,000,

20 enhancing the Debtor's reorganization efforts.  Moreover, the offer which is the subject of this

21 motion is within the range of value that the Debtor believes the property is worth.  Accordingly, it

22 is the Debtor's Business Judgment that the 343 W. Foothill Blvd. Property should be sold as

23 proposed in this motion.  Obviously, if there are qualified overbids at the hearing, the price and

24 benefit to the estate will be even higher.

25        Based on the foregoing, Debtor believes that the proposed sale is in the best interests of

26 creditors and the estate, and should be approved.

27 //

28 //

**B.      The Court Should Approve the Sale Free and Clear of Liens Pursuant to Section 363(f), as all Valid Liens Will Either Be Paid in Full Through the Consummated Sale Process, or will Consent to the Sale**

11 U.S.C. § 363(f) allows a trustee to sell a property "free and clear" of liens and interests.[2]  Section 363(f)(2) permits a sale free and clear of liens when the lienholder consents, Section 363(f)(3) permits a sale free and clear of liens when the price at which the sale will occur is greater than the amount of all liens, and Section 363(f)(5) permits a sale free and clear of liens when the lienholder could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.[3]

Here, the Debtor believes that the sale price of $475,000 is fair and reasonable, and it will result in payment in full of all liens on the 343 W. Foothill Blvd. Property.  Hence, the Court should approve the sale under 11 U.S.C. §§ 363(f)(2) and (f)(3), free and clear of liens, as the Debtor believes all secured creditors will consent to the sale or will receive payment in full.  Each outcome independently supports a sale free and clear of liens.  Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25, 33-34 (B.A.P. 9th Cir. 2008).

**C.      The Court Should Make a Finding That the Buyer is a Good-Faith Purchaser Pursuant to Section 363(m) of the Bankruptcy Code**

If the Court finds that a purchaser/lessee acted in good faith, the purchaser/lessee is protected from the effects of any reversal or modification on appeal of the authorization to sell or lease unless appellant obtains a stay pending appeal of such authorization to sell or lease.  11 U.S.C. § 363(m).  Several courts have addressed the issue of what constitutes "good faith" in this context.  See, e.g., In re Ewell, 958 F.2d 276, 281 (9th Cir. 1992)(good faith purchaser is one who buys in good faith and for value; lack of good faith generally shown by fraud, collusion between

---

[2]This section provides that "[t]he trustee may sell property under subsection (b) or © of this section free and clear of any interest in such property of an entity other than the estate, only if - (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

[3]The standards which must be met under § 363(f) for a sale free and clear of liens are in the disjunctive.  Hence, if any one of the standards is met, a sale free and clear should be permitted.  In re Red Oaks Farms, Inc., 36 B.R. 856, 858 (Bankr. W.D. Neb. 1984).

9

1  the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of

2  other bidders); In re Burgess, 246 B.R. 352 (8th Cir. B.A.P. 2000)(lack of good faith may be

3  shown by misconduct surrounding the sale, including collusion between the purchaser and bidders

4  or the trustee or taking unfair advantage of other bidders); Kham and Nate's Shoes No. 2 v. First

5  Bank, 908 F.2d 1351, 1355 (7th Cir. 1990)("[t]he purpose of Section 363(m) is to disable courts

6  from backtracking on promises with respect to bankruptcy sales in the absence of bad faith").

7          Here, as stated above, the Debtor has no previous relationship with and is wholly unrelated

8  to Buyers, and Buyers are not in any way associated with Debtor, the estate, or any of the

9  professionals employed by the estate, other than the fact that Dilbeck procured the Perdices as

10  Buyers and presented the offer to the Debtor.  All discussions with the Buyers were conducted at

11  arms-length, in good faith, and without collusion, and Debtor believes neither Buyers nor Seller

12  have engaged in any conduct that could cause or permit the agreement or the transaction

13  contemplated herein to be invalidated under 11 U.S.C. § 363(n).  There are no side agreements.

14  Moreover, the purchase offer on the real property by Buyers is within the range of value that the

15  Debtor believes the property is worth.  Finally,  the sale is subject to overbid, and notice of the

16  motion is being served on all creditors and interested parties.  Hence, the Debtor requests that the

17  Court make a finding that Buyers or a qualified successful overbidder is a good-faith purchaser

18  within the meaning of Section 363(m).

19  **D.**     **The Court Should Waive the Automatic 14-Day Stay of Federal Rule of Bankruptcy**

20          **Procedure 6004(h)**

21          Fed.R.Bankr.Proc. 6004(h) provides as follows:

22          (h) Stay of order authorizing use, sale, or lease of property.  An order authorizing the use,
        sale, or lease of property other than cash collateral is stayed until the expiration of 14 days
23          after entry of the order, *unless the court orders otherwise* (emphasis added).

24          The Advisory Committee Note to this rule states that its purpose is "...to provide sufficient

25  time for a party to request a stay pending appeal of an order authorizing the use, sale, or lease of

26  property under § 363(b) of the Code before the order is implemented."  In re Quanalyze Oil & Gas

27  Corp., 250 B.R. 83, 88 (Bankr. W.D. Tx. 2000).  The Quanalyze court further elaborated on the

28  underpinnings of the rule, stating that "[t]he Advisory Committee Note says that Rule 6004(g) is

1   designed to facilitate an objecting party's ability to obtain a stay pending *appeal*, thereby

2   eliminating what had been the somewhat unseemly practice of chapter 11 debtors or bankruptcy

3   trustees rushing to close a sale before an anticipated objecting party could get a court to enter a

4   stay order." Id.

5          Notwithstanding the foregoing, the Court may, in its discretion, order that Rule 6004(h) is

6   not applicable so that the property may be used, sold, or leased immediately in accordance

7   with the order entered by the court, as set forth in the last phrase of the rule itself ("...unless the

8   court orders otherwise..."). Debtor submits that the Court should exercise its discretion to waive

9   the 14-day stay in this case in order to ensure that the sale closes as quickly as possible. Unlike

10  the situation that the Quanalyze court stated that the rule targeted, in this case the Debtor believes

11  that the sale will be consensual and not the subject of any appeal. Therefore, this provision

12  should be waived.

13                                    **IV.**

14                               **CONCLUSION**

15         In summary, the sale of the 343 W. Foothill Blvd. Property is in the best interest of

16  creditors and the estate, such that the Debtor believes the Sale Motion should be granted on the

17  terms and conditions outlined herein.

18         **WHEREFORE**, based on the foregoing, Debtor respectfully requests that the Court:

19         (1) approve the proposed overbid procedures in conjunction with approval of the sale;

20         (2) approve the sale to Buyers the Perdices or to the highest qualified overbidder, free and

21  clear of liens, claims, and interests, with the proceeds attaching to any asserted liens to the same

22  extent, validity, and priority as they existed prior to the close of escrow, pursuant to the

23  procedures set forth herein;

24         (3) approve the employment of and payment of a commission to Dilbeck;

25         (4) approve the direct payment through escrow of the lien of Banks and of ordinary and

26  reasonable costs such as prorated taxes, title fees, escrow fees, broker commissions, and other

27  ordinary closing costs as per usual procedures;

28         (5) should the Debtor request it at the sale hearing, pending his review and resolution of

the claims and charges asserted by Banks in its demand, or any other liens, claims, or interests

that may be asserted, that all net proceeds of the sale after payment of ordinary and reasonable

costs be paid over to the Debtor, to be held in a segregated account, with liens to attach to the

proceeds of sale to the same extent, validity, and priority with which they attached to the property,

as adequate protection under 11 U.S.C. § 363(e);

(6) authorize and direct the Debtor and Buyers or a qualified successful overbidder to

execute any and all documents necessary to transfer the 343 W. Foothill Blvd. Property from the

estate to Buyers (or to any qualified successful overbidder);

(7) find that Buyers or a qualified successful overbidder is a good-faith purchaser;

(8) order that the automatic 14-day stay of Fed.R. Bankr. Proc. 6004(h) is waived; and

(9) grant such other and further relief as the Court deems just and proper.

DATED: April 10, 2011                          Respectfully Submitted,

                                               CACERES & SHAMASH, LLP

                                                        /s/ Joseph E. Caceres
                                               By:_____
                                               Joseph E. Caceres, Esq.
                                               Charles Shamash, Esq.
                                               Reorganization Counsel for Debtor and
                                               Debtor-in-Possession

## **DECLARATION OF BRUCE THOMAS DANIGER**

I, Bruce Thomas Daniger, do hereby declare:

    1.     I am the Debtor in this case.  I am over the age of 18.  I have personal knowledge of the matters set forth in this declaration, except where stated to be on information and belief, and if called to testify could and would testify competently thereto.

    2.     I owned 3 adjacent rental properties at 343 West Foothill Blvd., 345 West Foothill Blvd., and 112 N. Alta Vista, Monrovia, CA 91016 (the "Monrovia Properties"), from which I used to receive rental income.  These three properties were previously rented by Phoenix House, a non-profit company, but due to problems with its business Phoenix House vacated the properties on or about August 31, 2010.  In addition, the property at 112 N. Alta Vista has been sold pursuant to Court Order.  I also own a fourth property, my residence at 595 Camino Calidad, Palm Springs, CA 92264-7301 (the "Palm Springs Property").  It is the 343 West Foothill Blvd. property in Monrovia (the "343 W. Foothill Property") that is the subject of this motion.

    3.     The immediate cause of the bankruptcy filing was that a foreclosure sale was set to take place on the Palm Springs Property on December 22, 2009, such that I filed the instant chapter 11 petition on December 18, 2009.  See Exhibit "1" hereto (true and correct copy of Court's docket).  I ran into financial difficulties when my initial interest-only, low interest rate loan on the Palm Springs Property changed in 2007 to a variable rate, with the payment including principal and interest.  This dramatically changed the payment from approximately $4,000 per month to over $7,000 per month at one point.  During this same period of time, I was working at Mathis Brothers Furniture, with a base salary plus commission totaling approximately $120,000 per year.  However, in April of 2007 I had to have foot surgery and was on disability for approximately 6 months (although my foot took well over a year to heal).  To make matters worse, after three months of being off work I was let go by Mathis Brothers.  The confluence of all of the above factors eventually caused me to fall behind on my two mortgages on the Palm Springs Property.

    4.     As can be seen from the above, one of the main issues I face in this case is dealing with the delinquencies on the Palm Springs Property mortgages.  In order to deal with that issue, I

13

1  listed the Palm Springs Property for sale with a court-approved broker. <u>See</u> Exhibit "1" (docket).

2  I in fact ultimately received an offer to purchase the Palm Springs Property and certain personal

3  property therein through a short sale, and I filed a motion for approval of that sale. The hearing

4  was then continued several times while I attempted to obtain the consent of my lienholders to the

5  short sale, but ultimately withdrew the motion before the last hearing which was set for December

6  15, 2010. At this point I will continue to consider any offers I might receive on the Palm Springs

7  Property, and may refile a motion if I obtain another, higher offer. Otherwise, I will let the

8  property go.

9       5.    In the meantime, I also determined that selling one or more of the Monrovia

10  Properties was advisable. To that end, I received an all-cash, no commission, as-is $175,000 offer

11  to purchase the Alta Vista Property, and my motion for approval of that sale, subject to overbid,

12  was set for hearing on October 27, 2010. Prior to the sale, I did in fact receive a substantial

13  overbid, and the sale was ultimately approved in the amount of $239,750 by order entered

14  November 8, 2010. <u>See</u> Exhibit "1" (docket). The sale has since closed. I also continued

15  offering the other Monrovia Properties for sale, and have now received offers to purchase both

16  Foothill Blvd. Properties. As set forth above, this motion deals with the 343 W. Foothill

17  Property; I am simultaneously filing a separate motion dealing with the 345 W. Foothill Property.

18  The purchasers of the 343 and 345 W. Foothill properties are not related in any way to each other.

19       6.    With regard to the sale of the 343 W. Foothill Blvd. Property, I have received an

20  offer to purchase the property for $475,000, as set forth in more detail below. While I was

21  offering the property for sale by owner, I received an offer to purchase the property through Steve

22  Purves ("Purves") of Dilbeck Real Estate ("Dilbeck"). As the Court will recall, Purves was the

23  agent that represented the successful overbidder on the sale of the Alta Vista Property referenced

24  above. I also asked Purves to assist me in negotiating the sale of the 345 W. Foothill Blvd.

25  Property for which approval is being sought concurrently herewith, after I received a

26  communication from a different broker in connection with that sale (such that the sale of the 345

27  W. Foothill Blvd. Property involves two brokers). For the foregoing reasons, I am also seeking

28  approval of the employment of, and payment of a commission to, Dilbeck in connection with the

14

instant motion.

7.    The Sale Agreement

A true and correct copy of the Purchase Agreement (the "343 W. Foothill Blvd. Purchase Agreement"), is attached hereto as Exhibit "2," and a true and correct copy of the Escrow Instructions are attached hereto as Exhibit "3." As set forth in the 343 W. Foothill Blvd. Purchase Agreement, see Exhibit "2," I have agreed to sell the 343 W. Foothill Blvd. Property to Bernardo and Maria Perdices (the "Perdices" or "Buyers"), for $475,000, with a $275,000 down payment. The sale is as-is, with a 5% commission to Dilbeck Real Estate. See also Declaration of Steve Purves ("Purves Decl.") , ¶ 2.

As set forth in the 343 W. Foothill Blvd. Purchase Agreement, the sale is subject to court approval and overbid. See Exhibit "2." See also Purves Decl., ¶ 2. As further detailed below, since the sale is subject to overbid, I also seek authority to sell to the highest qualified overbidder if there is one, or to the next highest bidder(s) should Buyers or any overbidder default on the purchase, without the necessity of further notice or Court order.

8.    I have no previous relationship with and am wholly unrelated to Buyers, and Buyers are not in any way associated with me, the estate, or any of the professionals employed by the estate, other than the fact that Dilbeck procured the Perdices as Buyers and presented the offer to me. All discussions with the Buyers were conducted at arms-length, in good faith, and without collusion, and I believe neither Buyers nor Seller have engaged in any improper conduct. There are no side agreements. See also Purves Decl., ¶ 3.

9.    Proposed Treatment of Liens and Request for Authorization Pay Necessary
        Costs Through Escrow; Net Proceeds to Estate

While I reserve any and all rights regarding liens asserted against the 343 W. Foothill Blvd. Property, known asserted liens on the property include the following, pursuant to the proof of claim attached hereto as Exhibit "4":

A.    The 1st Trust Deed of Nancy J. Banks Living Trust ("Banks"), in the estimated
        asserted amount of about $65,000 (see Exhibit "4," first 2 pages of Banks' claim

//

15

1     filed 3/30/10 in this case).[4]

2         As can be seen from the foregoing, asserted liens total approximately $65,000. Costs of

3 sale are estimated at $33,250, or 7% of the purchase price of the 343 W. Foothill Blvd. Property,

4 including a commission of 5% to the broker. As such, and subject to the overbid process which

5 could generate additional proceeds, the net proceeds to the estate from the sale of the 343 W.

6 Foothill Blvd. Property after payment of liens and closing costs are expected to be in the vicinity

7 of approximately $376,750 ($475,000 less $65,000 to first trust deed less $33,250 costs of sale).

8        10.    I request authority to pay through escrow ordinary and reasonable costs such as

9 prorated taxes, title fees, escrow fees, commissions and other ordinary fees, as well as the Banks

10 lien directly to Banks. In the meantime, pending my review of the claims and charges asserted by

11 Banks in its demand, or any other liens, claims, or interests that may be asserted, I would reserve

12 the right to request that all net proceeds of the sale after payment of ordinary and reasonable costs

13 be paid over to me, to be held in a segregated account, with liens to attach to the proceeds of sale

14 to the same extent, validity, and priority with which they attached to the property, as adequate

15 protection under 11 U.S.C. § 363(e)

16        11.    I believe sound business reasons support the sale to the Perdices or a qualified

17 overbidder as the sale will eliminate a secured debt of the estate and net the estate in the vicinity

18 of $375,000, enhancing my reorganization efforts. Moreover, the offer which is the subject of this

19 motion is within the range of value that I believe the property is worth. Accordingly, it is my

20 Business Judgment that the 343 W. Foothill Blvd. Property should be sold as proposed in this

21 motion. Obviously, if there are qualified overbids at the hearing, the price and benefit to the

22 estate will be even higher. Based on the foregoing, I believe that the proposed sale is in the best

23 interests of creditors and the estate, and should be approved.

24     I declare under penalty of perjury that the foregoing is true and correct.

25     Executed on April 10, 2011 at Palm Springs, California.

26

27               Bruce Thomas Daniger

28

---

[4]Banks' proof of claim was filed in the amount of $69,071.40, see Exhibit "4." However, I have
been making payments to Banks throughout this case, such that the balance has been reduced.

16

## <u>DECLARATION OF STEVE PURVES</u>

I, Steve Purves, do hereby declare:

      1.    I am an Agent with Dilbeck Real Estate ("Dilbeck").  I am over the age of 18.  I have personal knowledge of the matters set forth in this declaration, except where stated to be on information and belief, and if called to testify could and would testify competently thereto.

      2.    A true and correct copy of the Purchase Agreement for the sale of the 343 W. Foothill Blvd. Property (the "343 W. Foothill Blvd. Purchase Agreement"), is attached hereto as Exhibit "2."  As set forth therein,  the Debtor has agreed to sell the  343 W. Foothill Blvd. Property to Bernardo and Maria Perdices (the "Perdices" or "Buyers"), for $475,000, with a $275,000 down payment.  The sale is as-is, with a 5% commission to Dilbeck Real Estate. The sale is subject to court approval and overbid.

      3.    I am informed and believe that the Debtor has no previous relationship with and is wholly unrelated to Buyers, and Buyers are not in any way associated with Debtor, the estate, or any of the professionals employed by the estate, other than the fact that Dilbeck procured the Perdices as Buyers and presented the offer to the Debtor.  All discussions with the Buyers were conducted at arms-length, in good faith, and without collusion, and I believe neither Buyers nor Seller have engaged in any improper conduct.  There are no side agreements.

      4.    Neither Dilbeck nor I have any connections with the debtor, the debtor's creditors, any person employed in the Office of the United States Trustee, a bankruptcy judge, or any other parties in interest, other than as follows.  As noted above, I procured the Perdices as Buyers and presented the offer to the Debtor.  In addition, the Court will recall that I was the agent that represented the successful overbidder on the sale of the Alta Vista Property earlier in this case (that successful overbidder, Curtiss Herron, is not related in any way to the buyers herein).  The Debtor also asked me to assist him in negotiating the sale of the 345 W. Foothill Blvd. Property for which approval is being sought concurrently herewith, after he received a communication from a different broker in connection with that sale (such that the sale of the 345 W. Foothill Blvd. Property involves two brokers).  The purchasers of the 343 and 345 W. Foothill properties are not related in any way to each other.

5.     Neither Dilbeck nor I am a creditor, an equity security holder or an insider of the debtor.

6.     I have been involved in the real estate business for over 20 years. I am the #1 agent in the Arcadia office of Dilbeck Real Estate, where I work. My designations include Estates Director, Premier Service Professional, Short Sale/Foreclosure (SFR) Certified, and SRES Senior's Real Estate Specialist. Dilbeck Real Estate is a well known, decades old real estate firm tracing its roots to 1950. Attached as Exhibit "5" hereto is a firm history for Dilbeck Real Estate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 10, 2011 at Arcadia, California.

Steve Purves

18

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
8200 Wilshire Blvd., Suite 400, Beverly Hills, CA 90211

The foregoing documents described as   **Notice of Motion and Debtor's Motion for Order Authorizing Sale of Real Property, Free and Clear of Liens, Claims, and Interests, Subject to Overbid, and to Approve Employment of and Payment of Commission to Dilbeck Real Estate; Declarations of Bruce Thomas Daniger and Steve Purvesin Support Thereof**        will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ___04/11/11___ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ___04/11/11___ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge __will be__ completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____04/11/11___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge __will be__ completed no later than 24 hours after the document is filed.*

**Personal Delivery:**
The Honorable Meredith A. Jury, U.S. Bankruptcy Judge
United States Bankruptcy Court
3420 Twelfth Street, Bin Outside of R.S. Courtroom 301
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/11/11 | Elizabeth Prado | /s/ Elizabeth Prado |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

## ADDITIONAL SERVICE INFORMATION:

## SERVICE VIA NEF:

- Marc Andrews      sandra.g.mcmasters@wellsfargo.com
- Robert W Beck      robert.beck@beckandbrowning.com
- Joseph Caceres      jec@locs.com, generalbox@locs.com
- Raffi Khatchadourian      raffi@hemar-rousso.com
- Elizabeth A Lossing      elizabeth.lossing@usdoj.gov
- William D May      dp@srwadelaw.com
- Marisol A Nagata      cdcaecf@bdfgroup.com
- Austin P Nagel      melissa@apnagellaw.com
- Cassandra J Richey      cmartin@pprlaw.net
- Martha E Romero      Romero@mromerolawfirm.com
- Charles Shamash      cs@locs.com, generalbox@locs.com
- Ramesh Singh      claims@recoverycorp.com
- United States Trustee (RS)      ustpregion16.rs.ecf@usdoj.gov
- Darlene C Vigil      cdcaecf@bdfgroup.com

## SERVICE VIA U.S. MAIL:

*All on attached list served via U.S. mail with the
exception of anyone on NEF list (but U.S. Trustee
served both ways)*

Label Matrix for local noticing
0973-6
Case 6:09-bk-40748-MJ
Central District Of California
Riverside
Sun Apr 10 00:04:18 PDT 2011

Deutsche Bank National Trust Company
c/o BDFTW
20955 Pathfinder Rd., Ste. 300
Diamond Bar, CA 91765-4029

JP Morgan Chase Bank N.A.
c/o Austin P. Nagel, Esq.
111 Deerwood Road
Suite 388
San Ramon, CA 94583-1551

OneWest Bank, FSB as Purchaser of Certain As
Hemar, Rousso & Heald, LLP
c/o Raffi Khatchadourian
15910 Ventura Blvd., 12th Fl.
Encino, CA 91436-2802

Porsche Financial Service Inc and Porsche Le
Law Offices of Beck and Browning
3828 Carson St
Ste 100
Torrance, Ca 90503-6702

Riverside County Treasurer-Tax
c/o M Romero
Romero Law Firm
BMR Professional Bldg
6516 Bright Ave
Whittier, CA 90601-4503

Wells Fargo Bank, National Association
Office of the General Counsel
Marc Andrews
Wells Fargo & Company
21680 Gateway Center Dr., Ste 280
Diamond Bar, CA 91765-2456

Riverside Division
3420 Twelfth Street,
Riverside, CA 92501-3819

American Express
Box 0001
Los Angeles, CA 90096-8000

American Express
P.O. Box 297812
Ft. Lauderdale, FL 33329-7812

American Express
P.O. Box 981535
El Paso, TX 79998-1535

American Express Bank, FSB
POB 3001
Malvern, PA 19355-0701

BAC HOme Loan Servicing, LP
P.O. Box 5170
Simi Valley, CA 93062-5170

California Secretary Of State
1500 11th Street
Sacramento, CA 95814-5701

Chase Auto Finance
P.O. Box 78101
Phoenix, AZ 85062-8101

Chase Auto Finance Redemptions
4915 Independence Pkwy, 1st Flr MC
Tampa, FL 33634-7540

Chase Automotive Finance
P.O. Box 31167
Tampa, FL 33631-3167

Chirs Spencer
Spencer Recovery Centers, In.C
P.O. Box 118
Monrovia, CA 91017-0118

Chris Spencer
Spencer Recovery Centers, Inc.
P.O. Box 118
Monrovia, CA 91017-0118

Contour Dermatology
555 E. Tachevah Dr, Ste 2E-106
Palm Springs, CA 92262-5752

Creditor Iustus Remedium, LLP
8665 Gibbs Drive, Ste 150
San Diego, CA 92123-1739

Creditor Iustus Remedium, LLP
P.O. Box 23189
San Diego, CA 92193-3189

DEPARTMENT STORES NATIONAL BANK/VISA
NCO FINANCIAL SYSTEMS, INC.
PO BOX 4275
NORCROSS, GA 30091-4275

DMV
P.O. Box 932325
Sacramento, CA 94232-3250

(p)EMPLOYMENT DEVELOPMENT DEPARTMENT
STATE OF CALIFORNIA
BENEFIT OVERPAYMENT COLLECTION SECTION
MIC 91
PO BOX 826218
SACRAMENTO CA 94230-6218

Euler Hermes
600 South 7th Street
Louisville, KY 40203-1968

First Federal Bank Of California
401 Wilshire Boulevard
Santa Monica, CA 90401-1473

Franchise Tax Board
Bankruptcy Section MS A340
POB 2952
Sacramento CA 95812-2952

Franchise Tax Board
P.O. Box 1673
Sacramento, CA 95812-1673

Franchise Tax Board Bankruptcy Unit
P.O. Box 2952
Sacramento, CA 95812-2952

Franchise Tax Board Chief Counsel S
P.O. Box 1720 MS: A-260
Rancho Cordova, CA 95741-1720

IRS/INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JPMorgan Chase Bank NA
Chase Auto Finance
201 N Central Ave
Phoenix AZ 85004-0073

James Simpson
1561 Twinstar
Palm Springs, CA 92262-1734

Larry Long
c/o Vincent C Rampton
170 S Main Ste 1500
Salt Lake City UT 84101-1644

Mark Rachleff
135 E 71st Street, Apt 6A
New York, NY 10021-4258

Nancy J. Banks Living Trust
10401 West Charleston Bl, Ste D315
Las Vegas, NV 89135-8705

Nancy J. Banks Living Trust
c/o Reeder & Associates
400 N Mountain Ave #215
Upland CA 91786-5182

National Asset Management LLC
400 Rouser Road, Ste 202
Coraopolis, PA 15108-2749

OneWest Bank, FSB
Hemar, Rousso & Heald, LLP
c/o Raffi Khatchadourian, Esq.
15910 Ventura Boulevard, 12th Floor
Encino, CA 91436-2802

Patrick Roger Mundt
1278 Glenneyre, Ste 248
Laguna Beach, CA 92651-3103

Porsche Financial Services
4343 Commerce Court, Ste 300
Lisle, IL 60532-3616

Porsche Financial Services
P.O. Box 740724
Cincinnati, OH 45274-0724

Porsche Financial Services, Inc.
c/o Law Offices of Beck & Browning
3828 Carson Street, Suite 100
Torrance, California 90503-6702

R.C. Willey Home Furnishings, Inc.
P.O. Box 410429
Salt Lake City, UT 84141-0429

ResQDebt
1201 Central Expressway S, Ste 200
Allen, TX 75013

Riverside County Tax Collector
Attn: Ismael O. Vargas
4080 Lemon St., 4th Floor
Riverside, CA 92501-3609

Riverside County Tax Collector
P.O. Box 12005
Riverside, CA 92502-2205

Riverside County Treasurer
4080 Lemon Street, 1st Floor
Riverside, CA 92501-3634

Sandford L. Frey, Esq.
Creim Macias Koenig Frey
633 West 5th Street
Los Angeles, CA 90071-2005

Specialized Loan Servicing, LLC
8742 Lucent Blvd, Ste 300
Highlands Ranch, CO 80129-2386

State Of California
Franchise Tax Board
P.O. Box 2952
Sacramento, CA 95812-2952

State Of California
Franchise Tax Board
P.O. Box 942867
Sacramento, CA 94267-0011

State Of California
Vehicle Registration Collections
P.O. Box 419001
Rancho Cordova, CA 95741-9001

US Attorney Civil Process Clerk
300 N. Los Angeles Rm 7516
Los Angeles, CA 90012-3341

USDOJ Attorney General
P.O. Box 683 Ben Franklin Station
Washington, DC 20044-0683

United States Trustee (RS)
3685 Main Street, Suite 300
Riverside, CA 92501-2804

Vericrest Financial Inc fka The Cit Group et
Specialized Loan Servicing, LLC
8742 Lucent blvd, Suite 500
Highlands Ranch, CO 80129-2386

Westar Mortgage Corporation
2340 Paseo Del Prado Ste D104
Las Vegas, NV 89102-4340

Weststar Loan Servicing Corporation
P.O. Box 29503
Las Vegas, NV 89126-9503

World Gym Palm Springs
1751 North Sunrise Way
Palm Springs, CA 92262-3408

Bruce Thomas Dahiger
P.O. Box 1442
Palm Springs, CA 92263-1442

Charles Shamash
Caceres & Shamash LLP
8200 Wilshire Blvd Ste 400
Beverly Hills, CA 90211-2315

Joseph Caceres
Caceres & Shamash LLP
8200 Wilshire Blvd Ste 400
Beverly Hills, CA 90211-2315


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Employment Development Department
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19144


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Courtesy NEF

(u)Windermere Real Estate Temecula Valley Inc

End of Label Matrix
Mailable recipients    63
Bypassed recipients     2
Total                  65

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 8200 Wilshire Blvd., Suite 400, Beverly Hills, CA 90211

The foregoing documents described as    **Notice of Sale of Estate Property**    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On    04/11/11    I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On    04/11/11    I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on    04/11/11    I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**Personal Delivery:**
The Honorable Meredith A. Jury, U.S. Bankruptcy Judge
United States Bankruptcy Court
3420 Twelfth Street, Bin Outside of R.S. Courtroom 301
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/11/11 | Elizabeth Prado | /s/ Elizabeth Prado |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

## ADDITIONAL SERVICE INFORMATION:

## SERVICE VIA NEF:

- Marc Andrews    sandra.g.mcmasters@wellsfargo.com
- Robert W Beck    robert.beck@beckandbrowning.com
- Joseph Caceres    jec@locs.com, generalbox@locs.com
- Raffi Khatchadourian    raffi@hemar-rousso.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- William D May    dp@srwadelaw.com
- Marisol A Nagata    cdcaecf@bdfgroup.com
- Austin P Nagel    melissa@apnagellaw.com
- Cassandra J Richey    cmartin@pprlaw.net
- Martha E Romero    Romero@mromerolawfirm.com
- Charles Shamash    cs@locs.com, generalbox@locs.com
- Ramesh Singh    claims@recoverycorp.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- Darlene C Vigil    cdcaecf@bdfgroup.com

## SERVICE VIA U.S. MAIL:

*All on attached list served via U.S. mail with the
exception of anyone on NEF list (but U.S. Trustee
served both ways)*

Label Matrix for local noticing
0973-6
Case 6:09-bk-40748-MJ
Central District Of California
Riverside
Sun Apr 10 00:04:18 PDT 2011

Deutsche Bank National Trust Company
C/O BDFTW
20955 Pathfinder Rd., Ste. 300
Diamond Bar, CA 91765-4029

JP Morgan Chase Bank N.A.
c/o Austin P. Nagel, Esq.
111 Deerwood Road
Suite 388
San Ramon, CA 94583-1551

OneWest Bank, FSB as Purchaser of Certain As
Hemar, Rousso & Heald, LLP
c/o Raffi Khatchadourian
15910 Ventura Blvd., 12th Fl.
Encino, CA 91436-2802

Porsche Financial Service Inc and Porsche Le
Law Offices of Beck and Browning
3828 Carson St
Ste 100
Torrance, Ca 90503-6702

Riverside County Treasurer-Tax
c/o M Romero
Romero Law Firm
BMR Professional Bldg
6516 Bright Ave
Whittier, CA 90601-4503

Wells Fargo Bank, National Association
Office of the General Counsel
Marc Andrews
Wells Fargo & Company
21680 Gateway Center Dr., Ste 280
Diamond Bar, CA 91765-2456

Riverside Division
3420 Twelfth Street,
Riverside, CA 92501-3819

American Express
Box 0001
Los Angeles, CA 90096-8000

American Express
P.O. Box 297812
Ft. Lauderdale, FL 33329-7812

American Express
P.O. Box 981535
El Paso, TX 79998-1535

American Express Bank, FSB
POB 3001
Malvern, PA 19355-0701

BAC HOme Loan Servicing, LP
P.O. Box 5170
Simi Valley, CA 93062-5170

California Secretary Of State
1500 11th Street
Sacramento, CA 95814-5701

Chase Auto Finance
P.O. Box 78101
Phoenix, AZ 85062-8101

Chase Auto Finance Redemptions
4915 Independence Pkwy, 1st Flr MC
Tampa, FL 33634-7540

Chase Automotive Finance
P.O. Box 31167
Tampa, FL 33631-3167

Chirs Spencer
Spencer Recovery Centers, In.C
P.O. Box 118
Monrovia, CA 91017-0118

Chris Spencer
Spencer Recovery Centers, Inc.
P.O. Box 118
Monrovia, CA 91017-0118

Contour Dermatology
555 E. Tachevah Dr, Ste 2E-106
Palm Springs, CA 92262-5752

Creditor Iustus Remedium, LLP
8665 Gibbs Drive, Ste 150
San Diego, CA 92123-1739

Creditor Iustus Remedium, LLP
P.O. Box 23189
San Diego, CA 92193-3189

DEPARTMENT STORES NATIONAL BANK/VISA
NCO FINANCIAL SYSTEMS, INC.
PO BOX 4275
NORCROSS, GA 30091-4275

DMV
P.O. Box 932325
Sacramento, CA 94232-3250

(p)EMPLOYMENT DEVELOPMENT DEPARTMENT
STATE OF CALIFORNIA
BENEFIT OVERPAYMENT COLLECTION SECTION
MIC 91
PO BOX 826218
SACRAMENTO CA 94230-6218

Euler Hermes
600 South 7th Street
Louisville, KY 40203-1968

First Federal Bank Of California
401 Wilshire Boulevard
Santa Monica, CA 90401-1473

Franchise Tax Board
Bankruptcy Section MS A340
POB 2952
Sacramento CA 95812-2952

Franchise Tax Board
P.O. Box 1673
Sacramento, CA 95812-1673

Franchise Tax Board Bankruptcy Unit
P.O. Box 2952
Sacramento, CA 95812-2952

Franchise Tax Board Chief Counsel S
P.O. Box 1720 MS: A-260
Rancho Cordova, CA 95741-1720

IRS INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JPMorgan Chase Bank NA
Chase Auto Finance
201 N Central Ave
Phoenix AZ 85004-0073

James Simpson
1561 Twinstar
Palm Springs, CA 92262-1734

Larry Long
c/o Vincent C Rampton
170 S Main Ste 1500
Salt Lake City UT 84101-1644

Mark Rachleff
135 E 71st Street, Apt 6A
New York, NY 10021-4258

Nancy J. Banks Living Trust
10401 West Charleston Bl, Ste D315
Las Vegas, NV 89135-8705

Nancy J. Banks Living Trust
c/o Reeder & Associates
400 N Mountain Ave #215
Upland CA 91786-5182

National Asset Management LLC
400 Rouser Road, Ste 202
Coraopolis, PA 15108-2749

OneWest Bank, FSB
Hemar, Rousso & Heald, LLP
c/o Raffi Khatchadourian, Esq.
15910 Ventura Boulevard, 12th Floor
Encino, CA 91436-2802

Patrick Roger Mundt
1278 Glenneyre, Ste 248
Laguna Beach, CA 92651-3103

Porsche Financial Services
4343 Commerce Court, Ste 300
Lisle, IL 60532-3616

Porsche Financial Services
P.O. Box 740724
Cincinnati, OH 45274-0724

Porsche Financial Services, Inc.
c/o Law Offices of Beck & Browning
3828 Carson Street, Suite 100
Torrance, California 90503-6702

R.C. Willey Home Furnishings, Inc.
P.O. Box 410429
Salt Lake City, UT 84141-0429

ResQDebt
1201 Central Expressway S, Ste 200
Allen, TX 75013

Riverside County Tax Collector
Attn: Ismael O. Vargas
4080 Lemon St., 4th Floor
Riverside, CA 92501-3609

Riverside County Tax Collector
P.O. Box 12005
Riverside, CA 92502-2205

Riverside County Treasurer
4080 Lemon Street, 1st Floor
Riverside, CA 92501-3634

Sandford L. Frey, Esq.
Creim Macias Koenig Frey
633 West 5th Street
Los Angeles, CA 90071-2005

Specialized Loan Servicing, LLC
8742 Lucent Blvd, Ste 300
Highlands Ranch, CO 80129-2386

State Of California
Franchise Tax Board
P.O. Box 2952
Sacramento, CA 95812-2952

State Of California
Franchise Tax Board
P.O. Box 942867
Sacramento, CA 94267-0011

State Of California
Vehicle Registration Collections
P.O. Box 419001
Rancho Cordova, CA 95741-9001

US Attorney Civil Process Clerk
300 N. Los Angeles Rm 7516
Los Angeles, CA 90012-3341

USDOJ Attorney General
P.O. Box 683 Ben Franklin Station
Washington, DC 20044-0683

United States Trustee (RS)
3685 Main Street, Suite 300
Riverside, CA 92501-2804

Vericrest Financial Inc fka The Cit Group et
Specialized Loan Servicing, LLC
8742 Lucent blvd, Suite 500
Highlands Ranch, CO 80129-2386

Westar Mortgage Corporation
2340 Paseo Del Prado Ste D104
Las Vegas, NV 89102-4340

Weststar Loan Servicing Corporation
P.O. Box 29503
Las Vegas, NV 89126-9503

World Gym Palm Springs
1751 North Sunrise Way
Palm Springs, CA 92262-3408

Bruce Thomas Danziger
P.O. Box 1442
Palm Springs, CA 92263-1442

Charles Shamash
Caceres & Shamash LLP
8200 Wilshire Blvd Ste 400
Beverly Hills, CA 90211-2315

Joseph Caceres
Caceres & Shamash LLP
8200 Wilshire Blvd Ste 400
Beverly Hills, CA 90211-2315

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Employment Development Department
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19144

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)Windermere Real Estate Temecula Valley Inc

End of Label Matrix
Mailable recipients    63
Bypassed recipients     2
Total                  65